UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
LESHAWN DAWSON, on behalf of himself and all :
others similarly situated, :
:
Plaintiff, :
: 19-cv-01429
v. :
:
EYEBUYDIRECT, INC., :
:
Defendant. :
:
------------------------------------------------------------------x

## JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff Leshawn Dawson ("Dawson") and Defendant EyeBuyDirect, Inc. ("EyeBuyDirect"), stipulate and jointly request that this Court enter a dismissal with prejudice of Dawson's Complaint in the above-entitled action, in its entirety, with the Court to retain jurisdiction over the parties and the action until November 30, 2021 for the sole purpose of enforcement of the parties' obligations under Section 2(C) of the parties' Confidential Settlement Agreement and Release of Claims. Section 2(C) of the Confidential Settlement Agreement and Release of Claims reads as follows:

> EyeBuyDirect shall, within twenty-four (24) months of the Effective Date ("the Remediation Period"), use good faith efforts to cause those portions of the Website that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities within the meaning of the ADA to gain the same information with an ease of use substantially equivalent to that of a non-disabled person using the Website ("ADA Compliant"). The Parties agree that being in substantial conformance with WCAG 2.0 Level AA or WCAG 2.1 shall constitute "ADA Compliant," but that substantial conformance with WCAG 2.0, Level AA or WCAG 2.1 is neither the test for ADA Compliance nor the sole method of achieving ADA Compliance. The Parties further agree that, notwithstanding anything contained in this provision or in this Agreement, the Website(s) shall be permitted to link to websites owned or operated by others containing Third-Party Content (as defined below) that may not be accessible to individuals with disabilities. (The term "Third-Party Content" refers to web content that is not developed, owned, or operated by Defendant.) The Parties further agree that ADA Compliant

shall include substantial conformance with any standard later established or recognized by the United States Supreme Court, any U.S. Circuit Court of Appeals or the U.S. Department of Justice. However, if a judicial, legislative or regulatory body enacts any legislation or rule, or if the United States Supreme Court, the U.S. Circuit Court of Appeals for the Second Circuit, or a New York State appellate court renders a decision, pursuant to which the Website is not considered a place of public accommodation or business establishment under the Disability Laws, it is understood that EyeBuyDirect will be relieved of the obligations set forth in this Section 2(C). If EyeBuyDirect's ability to meet the deadline for compliance with this Section 2(C) is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of EyeBuyDirect's control, the deadline shall be extended by the length of the delay.

Following the Remediation Period, EyeBuyDirect shall, either on its own or through a third party vendor, monitor the Website on a periodic basis to ensure that it continues to be ADA Compliant. EyeBuyDirect agrees that if any portion of the Website is discovered to be non-ADA Compliant, it will promptly remediate that portion of the Website and will cause it to be ADA Compliant.

Each party shall bear his or its own fees, costs and attorneys' expenses.

Dated: December 31, 2019

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _____
Evan B. Citron
599 Lexington Avenue, 17th Floor
New York, NY 10022
evan.citron@ogletree.com

*Attorneys for Defendant*

COHEN & MIZRAHI LLP

By: _____
Joseph H. Mizrahi, Esq.
300 Cadman Plaza West, 12th Fl.
Brooklyn, NY 11201
joseph@cml.legal

*Attorneys for Plaintiff*

40529380.1